Nash, J.
 

 The only question is, as to the legal sufficiency ©f the second count. That count sets forth,” that there were
 
 *176
 
 on'tho first day of March 1850, and yet are, in the County of New Hanover a certain Poor House and other outbuildings &c., and that the said (setting forth the names of the defendants) on the said first day of March aforesaid were duly elected Wardens of the Poor &c.and that the said &c., i! did take upon themselves the office &c. and as such were bound by law to ordain by-laws, rules and regulations for the government of the Poor House and of the poor persons in said Poor House inhabiting &c.”
 
 The omission is set
 
 forth as follows : “and the said (setting forth the names of defendants) did unlawfully omit and neglect, and
 
 yet do
 
 unlawfully omit and neglect to ordain by-laws, rules and regulations for the government of the said Poor House&c.” In looking into the act, under which this indictment is framed, Rev. Staf. ch.* 87, sec. 13, we find, that the Wardens of the Poor are directed “ annually to let out to the lowest bidder the said Poor Houses and the poor of their respective Counties, or shall employ some person or overseer to superintend the business as to them may seem bestThe section concludes, “ and the wardens shall haveTull power and authority.to ordain by-laws, rules and regulations and do all such matters and things as they may deem expedient for the comfort of the poor.” The indictment sets forth that, before the appointment of these defendants or overseers of the Poor House, it had existed ; and we must suppose, that Wardens of the Poor had been in office. If so, it was their duty to have passed such by-laws, as the interest of the poor inhabiting or to inhabit the’Poor blouse might require. If such was the case, no obligations rested on these defendants to enact other laws, any farther than they may have found' those already in existence to be defective and nnsufficient. Here, the charge is that they passed
 
 no laws,
 
 neglected to discharge a duty imposed on them by their-office. This duty was imposed
 
 sub modo
 
 — subject to their judgment and discretion. The count then is defective, in not averring, that no by-laws, rules and regulations for the government
 
 *177
 
 of the poor house existed at the time these defendants were elected,
 
 non
 
 constat, that such by-laws &c. were not in existence, made by some 'preceding board. Throughout the section of the act of 1836, we are considering, the duties enumerated are submitted to the discretion of the wardens— they are to hire out the poor house and the poor, or to retain them in their hands and employ an overseer,
 
 “
 
 as to them may seem best,” and only in the latter case does the duty arise to adopt by-laws &e., and such by-laws &e. only are to be made by them “as they may deem expedient.”-A second reason, why the second count cannot be sustained, is, that the indictment does not aver, that the defendants did keep the poor house and the poor under their own management and control. It may be, that they did not let them out as the act permits. A third is, that by law the duty set forth in the second count is a discretionary one, that is, to be performed according as, in the judgment of the wardens, it might be necessary. When a public law imposes a public duty upon a single person or a number of persons, the omission to perform the duty is indictable, but if it is not an absolute duty, but a conditional one, dependent upon the honest exercise of the judgment of the body, to whom it is intrusted whether it is to be performed or not, .the omission to perform it,
 
 per se,
 
 is not an indictable offence.
 

 Per Curiam. Ordered to be certified accordingly.